All right. Good morning, your honors. May it please the court. My name is Dan Paulson. I am the assistant federal defender representing Dwight Williams. And this is a post-conviction relief appeal that raises the question of whether the facts underlying Mr. Williams's amended 2255 motion relate back to the facts underlying his original pro se 2255 motion. And we know that under civil rule 15 C and amended pleading relates back to the original pleading so long as it arises from the same conduct, transaction or occurrence. And in mail versus Felix, the Supreme Court held that what is necessary is that there be a common core of operative facts that unite the amended pleading and the original pleading. The facts necessary to resolve Mr. Williams 2255, I think, share the same common core of operative facts as the amended 2255. However, this case is sort of complicated by the fact that Mr. Williams pled guilty twice. That not withstanding, Mr. Williams has consistently maintained that his 21 year sentence was the product of ineffective assistance of counsel by his attorney Rex Butler. From the moment Mr. Butler was appointed all the way through to the point where Mr. Williams was sentenced. Now, the reason Mr. Williams pled guilty twice is because the first plea agreement, which had a sentencing range of 12 and a half to 20 years, was rejected by the district court judges insufficiently punitive in the amended motion is called attention to the fact that the And that's because although the plea agreement had a condition that the government essentially recommend below guideline sentence, the prosecutor recommended that the PSR be amended to recommend an upward variance. And then the prosecutor filed an inflammatory sentencing memorandum that highlighted the worst aspects of Mr. Williams's criminal history and all but invited the court to just the plea agreement is insufficiently punitive. So that was the issue that was identified in the amended 2255. Now, in Mr. Williams's pro se 2255, he was calling attention to the fact that in the wake of the prosecutor's breach, his attorney, and after the plea agreement was rejected, his trial counsel did not adequately prepare for trial and did not understand or appreciate that Mr. Williams would have had some strong defenses on the most serious charge, which was which the prosecutor was threatening to charge him with distribution of controlled substances resulting in death. And Mr. Williams in his pro se motion called attention to Supreme Court case Burrage versus United States, which would have required the government to prove that the controlled substances were the but for cause of the but nonetheless, in his pro se motion, Mr. Williams called out the circumstances of the first plea agreement, the one that was rejected by the judge, he included correspondence between the prosecutor and his trial attorney. Regarding that first plea, he discussed the fact that the first plea agreement was rejected by the court as insufficiently punitive. And he in other words, the first plea agreement, and the facts surrounding the first plea agreement were incorporated in that pro se 2255. So the as you pointed out, this case is a little different than some that we've seen in this area, and it comes down to time and height. And we don't have clear guidelines or demarcations on what that means. How in your view, does this case fit into the time and type between the two motions? So the time is the events surrounding the first plea agreement, we would say that that is the common core of operative facts, the same type, meaning we and I, it's sort of unclear what the Supreme Court means by type in the sense that you can file an amended pleading that raises a new legal theory that, you know, that arises out of the same set of facts. And that this court has made, has observed that just because a legal theory has changed, that doesn't mean that the the amended pleading is, is untimely. And ultimately, what Mr. Williams was complaining about was ineffective assistance of counsel, specifically his attorneys, failure to appreciate the defenses Mr. Williams would have had, and failure really to stick up for Mr. Williams in the face of some threats by the prosecutor with respect to filing new charges for which he would be facing life. So the actions that are being called out in the pro se motion involve the same actors, it involves his trial counsel and the prosecution. And that's the same case with the amended 2255. Now granted, again, in the amended 2255, we're highlighting a very specific thing, which is that, that breach by the prosecutor, and the attorney's failure to correct the breach, to object to the breach to ask for specific performance. But nonetheless, the the facts surrounding that breach, the facts surrounding the first plea agreement were squarely presented in the in the pro se 2255. So our position is that amendment is proper. And I do not know how much time I have left because my clock is not busy. I have about four minutes left. Okay. I, unless there's additional questions, I will take a break and come back for rebuttal. You may. Thank you. Thank you. Thank you. Thank you, Mr. Chairman. I'm a member of the district court Jonas Walker for the United States. In this case, the district court considered and denied both the pro se motion and the amended motion. The district court considered the pro se motion on the merits and denied it. As to the amended motion, the district court denied the motion because it does not relate back to the pro se motion. And the district court was correct in that finding because the amended motion and the pro se motion do not arise from a common core of operative facts. Rather, they are based on separate transactions. And by separate transactions, what the Ninth Circuit has held in Hebner, what that means is different in time and type. The amended motion relates to facts alleging that the assigned assistant U.S. attorney breached the first plea agreement, whereas the pro se motion alleges that the defendant had ineffective assistance of counsel when he pled guilty to the second plea agreement. So there's really a Venn diagram here where the two circles don't touch at all. The amended motion alleges conduct by the prosecutor regarding, excuse me, the amended motion alleges conduct by the prosecutor regarding the first plea agreement, whereas the pro se motion alleges conduct by the defense attorney regarding the second plea agreement. So they're different in type. Let me ask you about that. I thought that it depends on how broadly you construe it because the pro se motion, as Mr. Polson said, does call out the first plea agreement, does it not? And the question is, is this whole plea negotiation, is that the operative fact? Your Honor, from the government's view, the standard is not as ambiguous as Mr. Williams would argue. Rather, the mail v. Felix decision specifically criticizes the Ninth Circuit's prior interpretation of the standard. And in Hebner v. McGrath, this court discussed at some length the change in law brought about by mail v. Felix. Schneider v. McDaniel might be the case that's most directly on point in answering Your Honor's question. Because in Schneider, that defendant attempted to do precisely what Mr. Williams is doing, which is arguing that because there's an allegation of ineffective assistance of counsel in the pro allegations, simply because there was a trial, there was a defense attorney, and something happened that resulted in the conviction. But I want to stop you on that because the Schneider was a very different case in that here we're talking about the plea negotiations. That seems like a discrete issue. And there they were talking about failure to interview witnesses, a motion to sever. I mean, they were discrete aspects of the trial. Whereas here, we're talking about what did counsel do during the plea period. So that's why I thought this case is not Schneider, be another case that we have because we haven't had that case yet. So I don't quite understand the argument based on Schneider. Well, Your Honor, if I may, the language in Schneider that I'm relying on, the Ninth Circuit held that both theories under both the amended motion and the original motion shared one fact, and that was specifically that a witness testified at the defendant's trial. But the Ninth Circuit went on to say the mere fact that both motions assert a fact doesn't mean that that fact is core to the facts underlying the actual claims. So in his appellate brief, Williams argues that the district court erred in focusing on the theory of liability. The government respectfully disagrees. If reading the district court opinion, the district court clearly focused on the facts underlying the claim. And if I may, Your Honor, address the question specifically about plea negotiation. That's really not what Williams litigated below. And if I may, that argument doesn't really hold up because the first plea agreement was negotiated by a different attorney than Butler. So directing the court's attention to the first plea agreement that begins on page six of the supplemental excerpt of record, that was a plea agreement negotiated by attorney Wendt, not by attorney Butler. So to the extent that Williams now argues oral argument that really what he's doing is alleging that attorney Butler was ineffective in negotiation, that has nothing to do with the first plea agreement. But of course, the first plea agreement is the core of the amended motion because the amended motion is alleging that the assigned assistant U.S. attorney violated the plea agreement. And Mr. Butler was ineffective for objecting to that. But that's not at all what was alleged in the pro se motion. The pro se motion alleges that the defendant made an involuntary plea. And so if I may, it may be very helpful especially to focus on the time. Looking at the pro se motion, the operative facts allege that attorney Butler coerced the defendant into pleading guilty. That could have only possibly happened even looking at the facts in a light most favorable to Williams. The earliest possible date that attorney Butler could have done that act, could have engaged in that transaction, would have been November 18. Because November 18 was the date that the district court rejected the first plea agreement. So it's factually impossible for Mr. Butler to have done anything bad regarding coercing the defendant to plead guilty a second time until at the earliest November 18. The record before this court indicates that Mr. Butler was considering the second plea agreement as of December 2. But even if the court goes back further in time, November 18 is the earliest possible date. And the latest possible date for the allegation in the motion would be December 23, 2014. Because that's the date when the defendant pled guilty to the second plea agreement. So again, the pro se motion is November 18 to December 23. But then let's compare the time relevant to the amended motion. The amended motion alleges that the assistant U.S. attorney violated the first plea agreement. And the range of time, it's two specific moments. First, on October 21, when the assistant U.S. attorney emailed the probation officer. And second, on November 12, when the assistant U.S. attorney filed the sentencing memo. Those are only two discrete dates. And the amended motion doesn't allege anything that the prosecutor did wrong on November 18. So here we have really, from the situation where there are genuinely two totally different groups of transactions. Allegations by different people at different times doing different acts in different forums. The forums are the email account that the AUSA used to email the pre-sentence report writer. And then the filing of the sentencing memorandum. Whereas the forum in which Mr. Butler could have possibly coerced Mr. Williams into where they were discussing the plea agreement. Or in the courthouse immediately prior to the defendant pleading guilty. Or in the courtroom itself in front of the judge on the record. Thank you. Your Honor, I see I have less than two minutes left. And so I want to take just a couple moments because the court indicated that parties should address the remaining arguments. Just briefly, as I mentioned earlier, the district court considered and rejected the merits. And the district court did so directly. It's important to note that even taking Williams' argument in a light most favorable to him in both the pro se motion and in his brief, Mr. Butler was aware of barrage. A quick reading of the briefing might lead someone to think that Williams is alleging that he was not aware of barrage. But that is, in fact, the opposite of what he said. Further, if I may direct the court to the government's supplemental pleading at supplemental excerpt of record 67, when the assigned U.S. attorney filed some supplemental briefing explaining how the government would prove the element of death causation under barrage if the case went to trial. Ultimately, that issue was moot, of course, because the indictment to which Mr. Williams pled did not allege death causation. So therefore, even if the government were not able to prove it, the government didn't have to prove it under this plea agreement. And finally, if I may, I see that I have just about 20 seconds left. This is a very different case than Heredia, and the assigned assistant U.S. attorney did not violate the plea agreement. This was not a plea agreement that called for a united front like in Heredia. This was a plea agreement that called for genuine litigation of a range of sentencing. So it's fundamentally different from the plea agreement in Heredia. Also, in this case, there was no agreement in the plea agreement as to the guideline level and no limitations on the scope of the pre-sentence report. I see that I'm out of time. Thank you. So a couple of things. First off, I think the government is interpreting the scope of Mr. Williams's pro se claims too narrowly. In fact, if you look at the pro se motion, which appears at excerpts page 44, Mr. Williams did complain about the terms of his first plea agreement. He called out the fact that the terms of the first plea agreement had language saying that he would admit to relevant conduct, that he provided controlled substances that resulted in death. Although Mr. Butler did not initially negotiate that plea agreement, he did handle the change of plea and did handle the sentencing hearing. And Mr. Williams called out the fact that that sentencing hearing resulted in the plea agreement being tossed out. And he also provides copies. And I think there might have been some confusion about the correspondence that was included in the pro se motion, but it's correspondence between the prosecutor and Mr. Butler that took place before sentencing. So the operative period of time from, if you look at the pro se motion, is the events leading up to that first sentencing hearing. And again, Mr. Williams has consistently maintained that his attorney was ineffective from the moment his attorney took over the case. And I think that the government is trying to draw distinctions based on a shift in emphasis, or I should say the emphasis on the prosecutor's breach. But again, the fact that we're changing up the legal theory does not mean that the amended motion doesn't relate back. And with respect to the prosecutor's breach, I think that the merits are quite strong. The nature of the government's breach in this case is unambiguous. If you look at that sentencing transcript, if you look at what the court said, the court quoted at length from the government sentencing memorandum, which excoriated Mr. Williams and characterized him in the worst possible way. And this is again, an agreement that stated that the parties agree that a sentencing range of 12 and a half to 20 years is reasonable and appropriate if this case had gone to trial. So there's your united front. But Mr. Williams did not get the benefit of that bargain. And I think that if you look at that frustration, or I should say confusion, because the judge was confused why the prosecutor was recommending an agreement that recommending a sentencing range that they were calling out as insufficiently harsh, I think it's pretty clear that the court was led to reject the plea because of the government's breach. And unless there's any additional questions, I will stand down. Thank you. I thank both counsel for your argument this morning. The case of United States versus Williams is submitted.
judges: McKeown, Watford, Rothstein